

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

717 MADISON PLACE, N.W.
WASHINGTON, D.C. 20439

JARRETT B. PERLOW
CLERK OF COURT

CLERK'S OFFICE
202-275-8000

April 18, 2024

2024-1197 - Chateau Lynch-Bages v. Chateau Angelus S.A.

# NOTICE OF NON-COMPLIANCE

The documents Response Brief, Motion, and Supplemental Appendix submitted by Chateau Angelus S.A. are not in compliance with the rules of this court. Within <u>five business</u> days from the date of this notice, please submit corrected versions of these documents correcting the following:

<u>Motion and Brief</u>

- The document does not contain a Certificate of Interest. Fed. Cir. R. 47.4(b).

- The individual who signed the document has not filed an entry of appearance or attached an affidavit or declaration of signature authority. Fed. Cir. R. 32(g)(1)-(2).

<u>Supplemental Appendix</u>

- When a brief and appendix are bound together, the title on the cover must so indicate. Fed. Cir. R. 30(d)(1).

*Clerk's note: If the brief and supplemental appendix are not bound together, the supplemental appendix must have a cover page. If they are bound together, the title on the cover page must indicate that the supplemental appendix is attached.*

<u>Motion</u>

- The motion does not contain the grounds and/or relief sought. A motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it. Fed. R. App. P. 27(a)(2)(A).

\* \* \*

If applicable, the deadline for the next or responsive submission is computed from the original submission date, not the submission date of the corrected version.

When filing the corrected document, please include the word "Corrected" in the document title or on the cover. See Fed. Cir. R. 25(c)(4) and Fed. Cir. R. 25(i) for information concerning corrected filings.

<u>A party's failure to timely file a corrected document curing all defects identified on this notice may result in the original document being stricken from the docket.</u> An appellant's failure to cure a defective filing may also result in the dismissal of the appeal pursuant to Fed. R. App. P. 31(c).

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

By: J. Phillips, Deputy Clerk